**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

Case No.: 6:22-cv-00949-PGB-EJK

EDGARDO GONZALEZ,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.

_____/

**AMENDED COMPLAINT**

Plaintiff, EDGARDO GONZALEZ (the "Plaintiff"), hereby sues Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY (hereinafter "Defendant"), and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. At all times material hereto, Plaintiff was and is a resident of Osceola County, Florida, and the policy of insurance involved herein was issued by Defendant to Plaintiff.

2. At all times material hereto, Defendant was and is a foreign corporation organized under the laws of the State of Georgia that is duly authorized to transact business in the State of Florida.

3.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this is an action between citizens of different States.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the property subject to this action is located, and a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred, in this judicial district.

## GENERAL ALLEGATIONS

5.  Plaintiff purchased and paid the premium for a policy of insurance from Defendant, Policy Number F14368620 (the "Policy'), for the property located at 100 West Carroll Street, Kissimmee, FL 34745 (the "Property").

6.  The Policy was in full force and effect at all relevant times to this lawsuit.

7.  On or about June 17, 2021, wind and rain damage caused a roof leak and resulting interior damage to Plaintiff's Property.

8.  The damage to Plaintiff's Property, and any and all claims and losses of Plaintiff for the loss occurring on or about June 17, 2021 fall within coverage afforded pursuant to the policy of insurance issued by the Defendant.

9.  A true and correct copy of the Policy is attached hereto and incorporated herein as composite **Exhibit "A".**

10. The Plaintiff's representative prepared an estimate of damages incurred by the Plaintiff as a result of the loss. A true and correct copy of the Estimate is attached hereto and incorporated herein as composite **Exhibit "B".**

11. Defendant assigned claim number KY21K2540142 to the loss.

12. The loss to the insured's Property was a direct physical loss to the property and, therefore, is a covered peril under the policy.

13. Accordingly, Plaintiff immediately made application to Defendant for insurance benefits under the Policy.

14. Defendant has failed to pay all benefits to which Plaintiff is entitled under the Policy.

15. All conditions precedent to obtaining payment of insurance benefits under the Policy, and to the filing of this action have been fulfilled, satisfied, waived or excused.

## COUNT I – BREACH OF CONTRACT

16. Plaintiff re-alleges paragraphs 1 through 15 as if fully set forth herein and further alleges the following:

17. The Defendant's denial of coverage and/or refusal to pay the full amount of the claim was contrary to the terms of the Policy and/or Florida law, and was a breach of said contract of insurance.

18. As a direct and proximate cause of the Defendant's acts and/or omissions, Plaintiff has been damaged in an amount to be determined at trial.

19. As a direct and proximate cause of the Defendant's breach in refusal to pay the full amount of the Plaintiff's claim, the Plaintiff has been required to retain the legal services of his attorneys for the purposes of prosecuting the instant matter and such attorneys are entitled to reasonable attorney's fees pursuant to Section 627.428, Florida Statutes.

WHEREFORE, the Plaintiff, EDGARDO GONZALEZ demands judgment against the Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY for damages, including, but not limited to, damage to the premises, its contents, loss of use, costs, interest as allowed by law, reasonable attorney's fees pursuant to Section 627.428, Florida Statutes, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2022, the foregoing was filed electronically using the Court's CM/ECF system, which will send notice to all counsel of record.

    Respectfully submitted,
    ***/s/Michael J. Friedman***
    Michael J. Friedman
    Florida Bar No.: 650854
    Michael R. Billings, Esq.
    Florida Bar No.: 1000325
    Nicole D. Moss, Esq.
    Florida Bar No.: 1003075
    FRIEDMAN LEGAL
    1001 Yamato Road, Suite 311
    Boca Raton, FL 33431
    Telephone: 561-320-7788
    mfriedman@friedmanlegalfl.com (primary)
    mbillings@friedmanlegalfl.com (primary)
    nmoss@friedmanlegalfl.com (primary)
    pleadings@friedmanlegalfl.com (secondary)
    ***Attorneys for Plaintiff***